IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

YELLOWFIN YACHTS, INC., a Florida
corporation,

        Plaintiff,

vs.

BARKER BOATWORKS, LLC, a Florida
limited liability company, and KEVIN
BARKER, an individual,

        Defendants.

_____/

## **COMPLAINT**

Plaintiff, Yellowfin Yachts, Inc., a Florida corporation, pursuant to the Fed. R. Civ. P., hereby sues Defendants, Barker Boatworks, LLC, a Florida limited liability company, and Kevin Barker, an individual, and alleges as follows:

### **NATURE OF ACTION**

1.    This is an action in law and equity for trade dress infringement of an original boat hull design, false designation of origin, and unfair competition, in violation of Section 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1125(a), and at common law 15 U.S.C. § 1051, et seq., and Florida State law.

### **JURISDICTION AND VENUE**

2.    This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1338(a) (acts of Congress relating to trademarks), 28 U.S.C. § 1338(b) (pendant unfair competition claims) and 28 U.S.C. § 1367 (supplemental jurisdiction).

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants reside in the State of Florida and a substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

4.      Plaintiff, Yellowfin Yachts, Inc., is a corporation organized and existing under the laws of the State of Florida having its principal place of business located in Sarasota, Florida (hereinafter, "**Yellowfin**" or "**Plaintiff**").

5.      Defendant, Barker Boatworks, LLC, is a limited liability company organized and existing under the laws of the State of Florida having its principal place of business located at 13325 Swallow Tail Drive, Bradenton, Florida 34202 (hereinafter, "**Barker Boatworks**" or "**Defendant**").

6.      Defendant, Kevin Barker, is an individual resident of the State of Florida that resides within the Middle District of Florida (hereinafter, "**Barker**" or "**Defendant**").

7.      Barker is president of Defendant Barker Boatworks.     Barker controlled the actions of Barker Boatworks and was the active moving force behind the tortious conduct of the corporate Defendant as alleged herein.

## FACTS IN COMMON TO ALL COUNTS

### A. *Yellowfin's Trade Dress Rights*

8.      Beginning in the late 1990's, Yellowfin founder, Wylie Nagler, and his team began designing a new line of open fisherman style boats with a style unique to Yellowfin.  The unique style was carried by several of Yellowfin's boats. The following photographs depict the Yellowfin unique style:

a.  21 foot model:



b.  24 foot model:



c.  26 foot model:



d.  The 29 foot model:



e.   The 32 foot model:



f.   The 34 foot model:



g.   The 36 foot model:



h.   The 39 foot model:



i.   The 42 foot model:



All of the models share a substantial part of the sheer line, and Yellowfin has expended significant resources, advertising and promoting its line of boats that incorporate this unique trade dress. The Yellowfin's unique sheer line, inter alia, comprise Yellowfin's trade dress rights in its boat line (hereinafter, "**Yellowfin Trade Dress**").

9.   For nearly fifteen years, Plaintiff has been continuously engaged in the business of developing, manufacturing and distributing boats having the Yellowfin Trade Dress.

10.   Yellowfin's boats have become well known to sport fishermen and boating enthusiasts, with well over 1000 boats sold.

11.     SaltWater Sportsman<sup>TM</sup> magazine has included numerous articles over the years highlighting the Yellowfin boat designs, including numerous photographs depicting the Yellowfin Trade Dress.

12.     Sport Fishing<sup>TM</sup> magazine has also included numerous articles over the years highlighting the Yellowfin boat designs, including numerous photographs depicting the Yellowfin Trade Dress.

13.     Consumers, including sport fishermen and boating enthusiasts, have come to identify the distinctive features of the Yellowfin Trade Dress as identifying the manufacturer of the Yellowfin boats, to wit, Yellowfin.

14.     The Yellowfin Trade Dress has become well known to the purchasing public as a distinctive indication of origin of Plaintiff's boats.

15.     By virtue of its extensive use and highly distinctive nature, sport fishermen and boating enthusiasts have come to recognize the Yellowfin Trade Dress of Plaintiff's line of boats.

**B. Defendants' Infringing Activity.**

16.     Barker was a former employee of Yellowfin, having achieved the position of Vice President.

17.     Upon information and belief, while he was still an employee of Yellowfin, Barker began planning to start a competing company, selling open fisherman-style boats that directly compete against Yellowfin.

18.     On or about June 30, 2014, Barker directed the registration of the domain name barkerboatworks.com to be registered through www.godaddy.com.

19.     On or about July 13, 2014, Barker directed the creation of a Facebook page for Barker Boatworks that can be found at www.facebook.com/Barkerboatworks.

20.     On or about July 24, 2014, after leaving Yellowfin, Barker filed articles of organization for the Defendant entity, Barker Boatworks, LLC.

21.     On or about July 31, 2014, the following image of a planned 25'6" open fisherman-style boat called the Calibogue Bay was posted on the Barker Boatworks' Facebook page:



The Barker Boatworks Calibogue Bay boat image depicts a boat having the Yellowfin Trade Dress.

22.     On or about October 24, 2014, the following image of a Barker Boatworks boat was posted on the Barker Boatworks' Facebook page depicting another boat having the Yellowfin Trade Dress:



23.     Based on written descriptions posted to the Barker Boatworks' Facebook page, it appeared that Barker Boatworks was promoting its preparations to begin production of a line of boats using a mold that incorporates the Yellowfin Trade Dress rights.

a.  The post, dated October 27, 2014, shows the preparation of the framing to support the mold, explaining "Bending some pipe for the hull mold - #barkerboatworks #bayboat #gamechanger #floridaboatbuilder":



b.  The post, dated October 28, 2014, shows the completed mold, explaining "The frame is officially done and ready for some glass ! #barkerboatworks #bayboat #floridaboatbuilder #progress #gamechanger #barkerbayboat":



c. The post, dated November 1, 2014, shows the mold almost ready to be used, explaining "The hull mold has been pulled >=}}•> Have a great weekend !#BarkerBoatWorks #bayboat #a #floridaboatbuilder #fishbeware #srq #flibs #stephull #performancefishingmachine":



d. The post, dated November 11, 2014, confirms that the mold is almost ready, explaining "Moving right along, Hull Mold getting close!! Deck plug almost ready for non-skid!! #BarkerboatWorks #gamechanger #bayboat":





  e. The post, dated November 18, 2014, confirms that the deck mold is almost ready to be built, "The NEW @barkerboatworks plug #nonskid is on and we are ready to build a mold!

#barkerboatworks #bayboat #boatbuilder #florida #gamechanger #nearshore #offshore #inshore #sqr #sarasota #instafish":



  24. On October 9, 2014, Yellowfin sent Defendants a letter notifying them of Plaintiff's Trade Dress Rights and demanding that Defendants cease from using Plaintiff's trade dress right in the design of their boats.  A copy of the letter is attached as **Exhibit A**.

  25. On October 28, 2014, Defendants responded with a letter that failed to acknowledge Plaintiff's trade dress rights and by indicating that the renderings of Defendants' boat designs did not accurately reflect Defendants' intended design for its boats, but not

explaining or providing any indication as to what Defendants intended their boat design to look like.  A copy of the letter is attached as **Exhibit B**.

26.    On November 5, 2014, Plaintiff requested that Defendants provide information as to Defendants' intended boat design, but to date, have received no further communication from Defendants. A copy of the letter is attached as **Exhibit C.**

27.    Defendants, at the Fort Lauderdale International Boat Show held October 30 – November 3, 2014, exhibited photographs of their intended boat designs that incorporate Plaintiff's Yellowfin Trade Dress rights:





28.    Defendants exhibited what appeared to be the company's first production model at the Miami International Boat Show held in Miami Beach on February 12 through the 16th, 2015.

29.     Defendants again exhibited what appeared to be the company's first production model at the Palm Beach Boat Show held April 17-19, 2015.

30.     Defendants' Facebook account displays the following photograph:



31.     A comparison of line drawings of the two boats and the finished boats makes it difficult to know which one is manufactured by Yellowfin and which one is by Defendants:







32.     The fact that the Defendants' boats may be identified with Defendants at the point of sale does not dispel confusion.

33.     Consumers seeing Defendants' infringing trade dress are likely to be misled into an initial interest in Defendants' products based on a false belief that Defendants are affiliated with or authorized by Plaintiffs.  Such initial confusion works a significant trademark injury by luring in customers and depriving Plaintiff of sales.

34.     The public is also likely to be misled by post sale confusion.  Because of the clear and prominent imitation of the Plaintiff's trade dress, Defendants' infringing boats create post sale confusion in the minds of third parties who later encounter the products.  The public will therefore be confused and will attribute to Plaintiff's boats and trade dress, defects in quality and workmanship that it finds in Defendants' products.

35.     All conditions precedent to the filing of this action have either been met or have been waived by the parties.

36.     Plaintiff has retained the undersigned counsel in connection with this suit and is obligated to pay them a reasonable fee for their services.

**COUNT I – TRADE DRESS INFRINGEMENT UNDER §43(a)**
**OF THE LANHAM ACT, 15 U.S.C. § 1125(a) AGAINST DEFENDANTS**

37.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 36.

38.     Defendants are engaged in acts of trade dress infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and at common law.

39.      As a consequence of the origin-indicating nature of the Yellowfin Trade Dress, Plaintiff  has established valuable, exclusive trade dress rights in those features which are protectable under § 25(a) of the Lanham Act, 15 U.S.C. § 1125(a), and at common law.

40.     After leaving Yellowfin, Defendant Barker, through his company, Barker Boatworks, began preparing to compete against Yellowfin by designing a boat incorporating the Yellowfin Trade Dress.

41.     Based on the actions of Barker and Barker Boatworks, Defendants are offering for sale and will be offering for sale a line of boats that incorporate substantially identical reproductions of Yellowfin's Trade Dress.

42.     Barker Boatworks' new boat that incorporates the Yellowfin Trade Dress is likely to cause confusion, mistake or deception as to the source, sponsorship or affiliation of the Barker Boatworks boats and  thus  constitutes trade dress infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and at common law.

43.     By such wrongful acts, Defendants have caused and, unless restrained by the Court, will continue their acts of trade dress infringement, thereby causing serious irreparable injury and damage to Plaintiff and to the goodwill associated with the Yellowfin Trade Dress including diversion of customers from Plaintiff, lost sales and lost profits, initial confusion, post-sale confusion and Defendants will be unjustly enriched.  Plaintiff has no adequate remedy at law.

44.     Defendants' acts are willful, intentional and egregious and make this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

45.     Upon information and belief, Defendant Barker has been the active, moving force behind the corporate Defendants' infringing conduct, and should be held jointly and severally liable therefor.

**COUNT II - FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. §1125(a) AGAINST ALL DEFENDANTS.**

46.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 36.

47. This is a claim by Plaintiff for false designation of origin arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48. Defendants' activities, as alleged, constitute false designation of origin, false representation and false description, all to the substantial and irreparable injury of the public and of Plaintiff's business reputations and goodwill.

49. By such wrongful acts, Defendants have caused and, unless restrained by the Court, will continue their acts of trade dress infringement, thereby causing serious irreparable injury and damage to Plaintiff and to the goodwill associated with the Yellowfin Trade Dress including diversion of customers from Plaintiff, lost sales and lost profits, initial confusion, post-sale confusion and Defendants will be unjustly enriched.  Plaintiff has no adequate remedy at law.

50. Defendants' acts are willful, intentional and egregious and make this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

51. Upon information and belief, Defendant Barker has been the active, moving force behind the corporate Defendants' infringing conduct, and should be held jointly and severally liable therefor.

## COUNT III - COMMON LAW UNFAIR COMPETITION
## AGAINST ALL DEFENDANTS

52. Plaintiff incorporates by reference the allegations of paragraphs 1 through 36.

53. This is a claim for unfair competition arising under the common law of the State of Florida.

54. By their foregoing deceptive and/or fraudulent conduct creating a likelihood of confusion, each of the Defendants has unfairly competed with Plaintiff and/or contributed to acts

of unfair competition by other Defendants or third parties, all to the substantial and irreparable injury of the public and of Plaintiff's business reputations and goodwill.

55.     By such wrongful acts, Defendants have caused and, unless restrained by the Court, will continue their acts of trade dress infringement, thereby causing serious irreparable injury and damage to Plaintiff and to the goodwill associated with the Yellowfin Trade Dress including diversion of customers from Plaintiff, lost sales and lost profits, initial confusion, post-sale confusion and Defendants will be unjustly enriched.  Plaintiff has no adequate remedy at law.

56.     Upon information and belief, Defendant Barker has been the active, moving force behind the corporate Defendant's tortious conduct, and should be held jointly and severally liable therefor.

### COUNT IV - COMMON LAW TRADE DRESS INFRINGEMENT
### AGAINST ALL DEFENDANTS

57.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 36.

58.     This is a claim for trade dress infringement arising under the common law of the State of Florida.

59.     By their foregoing deceptive and/or fraudulent conduct creating an unauthorized copy of Plaintiff's distinctive and well known Yellowfin Trade Dress, each of the Defendants has infringed Plaintiff's trade dress, all to the substantial and irreparable injury of the public and of Plaintiff's trade dress rights and goodwill.

60.     By such wrongful acts, Defendants have caused and, unless restrained by the Court, will continue their acts of trade dress infringement, thereby causing serious irreparable injury and damage to Plaintiff and to the goodwill associated with the Yellowfin Trade Dress including diversion of customers from Plaintiff, lost sales and lost profits, initial confusion, post-

sale confusion and Defendants will be unjustly enriched.  Plaintiff has no adequate remedy at law.

61.     Upon information and belief, Defendant Barker has been the active, moving force behind the corporate Defendant's tortious conduct, and should be held jointly and severally liable therefor.

**WHEREFORE,** Plaintiff, Yellowfin Yachts, Inc. respectfully requests that:

(a)     The Court enter judgment in favor of Yellowfin Yachts, Inc., and against Defendants, Barker Boatworks, LLC and Kevin Barker, that Defendants have infringed Plaintiff's trade dress in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); have engaged in common law trade dress infringement and have engaged in common law unfair competition and have injured Plaintiff's business reputation;

(b)     That Defendants be required to recall from distribution and surrender for destruction all products, order forms, price lists, labels, advertisements, brochures, catalogs, packaging materials and other materials incorporating or imitating Plaintiff's trade dress, pursuant to Sections 36 and 43 of the Lanham Act, 15. U.S.C. §§ 1118 and 1125, and the equitable power of this Court to enforce the common law of the State of Florida;

(c)      That the Court enjoin Defendants and each of Barker Boatworks, LLC's directors, officers, agents and/or employees from directly or indirectly infringing Plaintiff's exclusive rights in the Yellowfin Trade Dress or any other trade dress which is confusingly similar thereto.

(c)     Pursuant to § 35(a) of Lanham Act, 15 U.S.C. §  1117(a), the Court award Plaintiff damages, and require that Defendants pay to Plaintiff the damages which Plaintiff has sustained as a result of Defendants' acts complained of herein and that such damages be trebled.

(d)     Pursuant to § 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), the Court require that Defendants account for and pay to Plaintiff the profits Defendants have realized which are attributable to Defendants' acts complained of herein.

(e)     Pursuant to § 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), the Court find this case exceptional, requiring Defendants to pay Plaintiff both the costs of this action and the reasonable attorneys' fees incurred by Plaintiff.

(f)     Plaintiff be granted such other and further relief as the Court deems equitable, just and proper under the circumstances.

Dated: April 22, 2015                          Respectfully submitted,


ESPINOSA | TRUEBA PL                  KATZ BARRON SQUITERO FAUST

By: s/William R. Trueba, Jr.                By: s/John R. Squitero
William R. Trueba, Jr., Esq.                John R. Squitero, Esq.
Florida Bar No. 117544                     Florida Bar No.
wtrueba@etlaw.com                          JRS@katzbarron.com
Jorge Espinosa, Esq.                        2699 South Bayshore Drive, 7th Floor
Florida Bar No.  779032                    Miami, Florida 33133
Jespinosa@etlaw.com                        Tel: 305-856-2444
Espinosa | Trueba P.L.                      Fax: 305-285-9227
1428 Brickell Avenue                        *Counsel for Plaintiff*
Suite 100                                   *Yellowfin Yachts, Inc.*
Miami, FL 33131
Tel:  305-854-0900
Fax:  855-854-0900
*Counsel for Plaintiff*
*Yellowfin Yachts, Inc.*