**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

YELLOWFIN YACHTS, INC.,
a Florida corporation,

        Plaintiff,

vs.

BARKER BOATWORKS, LLC,
a Florida limited liability company, and
KEVIN BARKER, an individual

        Defendants.

Case No. 8:15-cv-00990-T-23TGW

**DEFENDANTS' MOTION AND MEMORANDUM TO
DISMISS PLAINTIFF'S COMPLAINT**

**I.    INTRODUCTION**

COMES NOW Defendants, Barker Boatworks, LLC and Kevin Barker (collectively "Barker Boatworks"), by and through undersigned counsel, and pursuant to Rule 12(b)(6), Fed. R. Civ. P., moves to dismiss Yellowfin Yachts, Inc.'s ("Yellowfin") Complaint, and show this Court as follows:

While the Complaint is lengthy, critical allegations of trade dress infringement are conspicuously absent from the Complaint, rendering the Complaint incapable of stating a cause of action and subject to dismissal.

**II.    BACKGROUND**

The sum and substance of Yellowfin's trade dress theory is found in Paragraph 8 of the Complaint:

> 8.    Beginning in the late 1990's, Yellowfin founder, Wylie Nagler, and his team began designing a new line of open fisherman style

1

> boats with a style unique to Yellowfin. The unique style was carried by *several* of Yellowfin's boats. The following photographs depict the Yellowfin unique style:
>
> …
>
> All of the models share a *substantial part of the sheer line*, and Yellowfin has expended significant resources, advertising and promoting its line of boats that incorporate this unique trade dress. The Yellowfin's unique shear line, inter alia, comprise Yellowfin's trade dress rights in its boat line (hereinafter, "Yellowfin Trade Dress").[1]

(Emphasis added.) A boat's sheer line (sometimes spelled "shear") is the longitudinal line formed between the deck of a boat and the boat hull.



www.wikipedia.org/wiki/sheer_(ship). A raised forward sheer line functions to keep oncoming waves from coming over the bow. (*Id.*). The design and purpose of the hull in large part dictates the sheer line.

The entirety of the cause of action rises or falls on whether Plaintiff's boats have a *part of a sheer line* that has acquired secondary meaning to the consuming public and is non-functional. The boats at issue are common center-console, open water fishing boats. A recognized and standard feature on all such boats is a raised forward sheer line and lower aft sheer lines, as shown on the following competitive boats:

---

[1] It is interesting to note that initially Yellowfin claimed exclusive rights to the "overall shape of the hull," and "unique gunwale design" in addition to the "sheer line." (Exhibit A to Complaint.) Apparently, no argument passing Rule 11 muster could support these alternative "trade dress" claims.

2





Yellowfin alleges "several" of its boats "share a *substantial part* of the sheer line." (Paragraph 8.) Yellowfin makes no effort to identify what *portion* of the sheer line makes up a unique, non-functional element that is widely recognized as a Yellowfin portion of a sheer line. The complaint fails to advise how much of the sheer line it claims as unique, or where the portion can be found. A comparison of the competitors' sheer lines and Yellowfin reveals there is no unique sheer line.

Yellowfin compounds the fatal pleading error by pointing to nine different Yellowfin boats, some in motion, some at rest in open water, and some at rest in port—all with *different* sheer lines. (Complaint ¶ 8.) Yellowfin fails to identify *any* similarity in the sheer lines. The Court and Defendants are left to guess what Yellowfin's claims as unique, non-functional, and exclusive.

Next, presumably to allege secondary meaning, Yellowfin alleges it has expended money to promote "its line of boats." Promoting a line of boats is not promotion of trade dress features. Promotion of a line of boats, all with different sheer lines, argues <u>against</u> secondary meaning, not that secondary meaning exists. Yellowfin fails to provide any facts that would support a claim of secondary meaning.

Finally, to state a claim for trade dress, Yellowfin must describe how its product configuration is non-functional and allege and prove confusion. Yellowfin has failed to even attempt to include factual allegations to support these elements. The reason is obvious, the relative height of the boat sides, which determine the sheer line, is entirely functional and the boats can never be confused simply by similarity in a "portion" of a sheer line.

Yellowfin, instead of describing the critical elements of its claims, spends the majority of its pleading discussing Plaintiff's business and the start of Barker Boatworks (Complaint ¶¶16–30), which are irrelevant to the claims of trade dress infringement. Yellowfin inserts two line drawings next to each other (which are <u>not</u> the products and cannot be considered for trade dress analysis) and photographs of two boats—taken at different angles—which do not show confusingly similar sheer lines and instead show features which easily distinguish the two boats (*i.e.*, different consoles, absence of a bimini

4

top, distinctly different hulls and strake designs), thereby proving a lack of consumer confusion. (Complaint ¶31.) The Complaint is fatally defective, there is no basis to assert any trade dress claim to part of a boat's sheer line, requiring the Court to dismiss the Complaint with prejudice.

### III.	ARGUMENT

#### A.	Legal Standard for Rule 12(b)(6) Motions for Failure to State a Claim

Under Federal Rule 12(b)(6), a defendant in a federal civil action may respond to a complaint by moving to dismiss for "failure to state a claim upon which relief can be granted." The sufficiency of the plaintiff's complaint is then evaluated under Federal Rule of Civil Procedure 8, which provides in relevant part, "[a] pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Court explained in *Twombly*, "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal quotation marks omitted)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at

5

678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court further explained in *Iqbal*, "Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted).

### B. Yellowfin's Complaint Fails to State a Claim for Trade Dress Infringement

Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) provides a remedy against one who "uses in commerce any word, term, name, symbol, or device . . . or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion . . . as to the origin

. . . of his or her goods." To make out a case for trade dress infringement under Section 43(a) of the Lanham Act, a plaintiff must allege and prove three elements:

(1) that the product is distinctive or has developed a secondary meaning;

(2) that the features in question are nonfunctional; and

(3) that the resemblance between the parties' products is confusingly similar.

*United States Pharm. Corp. v. Breckenridge Pharm., Inc.*, 2010 U.S. Dist. LEXIS 97171, at *15 (N.D. Ga. Sept. 16, 2010); see *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312, 1322 (11th Cir. 2012).

(i) <u>Yellowfin has Failed to Allege Facts to Support a Claim of Secondary Meaning</u>

Trade dress can be established by alleging a product design is inherently distinctive or that it has acquired secondary meaning. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 776 (1992); *See, e.g.*, *Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 216 (2000). Yellowfin does not (and cannot) allege a portion of a sheer line found in center console boats is inherently distinctive. Instead, Yellowfin must plead and prove the undisclosed portion of a sheer line has acquired secondary meaning.

"Secondary meaning is the connection in the consumer's mind between the [trade dress] and the product's producer." *Gift of Learning Found., Inc. v. TGC, Inc.*, 329 F.3d 792, 800 (11th Cir. 2003) (citing *Univ. of Florida v. KPB, Inc.*, 89 F.3d 773, 777 (11th Cir. 1996)). In order to establish secondary meaning, Yellowfin must allege and prove that its claimed trade dress has not only acquired secondary meaning, but has done so before Barker Boatworks began to offer its boats. *Id.*; *see, Knights Armament Co. v. Optical Sys. Tech.*, 568 F. Supp. 2d 1369, 1375 (M.D. Fla. 2008) (noting that "[t]o state a claim under

7

section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), [plaintiff] must show that it had prior rights to the marks at issue").

Yellowfin's Complaint does not allege any facts that "part of a sheer line" has acquired secondary meaning nor that it has done so prior to Barker Boatworks' boats, making the Complaint fatally defective. *See*, *e.g.*, *Best of Everything of Southwest Fla., Inc. v. Simply the Best, LLC*, 2011 U.S. Dist. LEXIS 115652, at *4–5 (M.D. Fla. Oct. 6, 2011) (dismissing complaint that is "long on vague descriptions and short on facts"). Moreover, the pictures offered of Yellowfin's sheer line show Yellowfin's sheer lines differ by boat model and size:





(Complaint, ¶¶8a and 8i.)

The Eleventh Circuit considers the following four factors when determining

8

whether an alleged trade dress has acquired secondary meaning: (1) the length and manner of its use; (2) the nature and extent of advertising and promotion; (3) the efforts made by the plaintiff to promote a conscious connection in the public's mind between the name and the plaintiff's product or business; and (4) the extent to which the public actually identifies the name with the plaintiff's product or venture." *Maus v. Ennis*, 2012 U.S. Dist. LEXIS 52017, at *18–19 (M.D. Fla. Mar. 16, 2012) citing *ConAgra, Inc. v. Singleton*, 743 F.2d 1508, 1513 (11th Cir. 1984).

With respect to the first factor, the length and manner of use, the pleading shows no single, identifiable exclusive sheer line is used. *United States Pharm. Corp. v. Breckenridge Pharm., Inc*., 2010 U.S. Dist. LEXIS 97171 at *16 (N.D. Ga. Sept. 16, 2010). Long use of alleged trade dress is insufficient to establish secondary meaning unless such use has been substantially exclusive. *See, e.g*., *Popular Bank v. Banco Popular*, 9 F. Supp. 2d 1347, 1358 (S.D. Fla. 1998) (finding secondary meaning "[i]n light of plaintiff's uninterrupted ***and exclusive*** use of the mark for a substantial length of time," in that case, approximately19 years) (emphasis added); *see also Art Attacks Ink, LLC v. MGA Enter. Inc*., 581 F.3d 1138, 1146 (9th Cir. 2009) (finding no secondary meaning where plaintiff "showed no evidence of exclusivity"). In this case, Plaintiff has not and cannot allege substantially exclusive use. (*See*, Page 3, above.) Without substantially exclusive use, there is no secondary meaning and therefore no claim.

The second and third secondary meaning factors—nature and extent of advertising and efforts made by the plaintiff to promote a connection in the public's mind between the trade dress and the plaintiff's product or business—are related. *ConAgra*, 743 F.2d at 1513. Non-specific claims of "advertising expenditures" are insufficient to establish secondary

9

meaning in a particular trade dress. *Brooks Shoe Mfg. Co. v. Suave Shoe Corp.*, 716 F.2d 854, 860 (11th Cir. 1983). As the Eleventh Circuit held in *Brooks Shoe*, general advertising of a company or its products that does not call attention to its allegedly unique trade dress fails to establish that the company has acquired secondary meaning in the alleged trade dress. *Id.*

Yellowfin's Complaint contains no factual allegations regarding the essential elements Yellowfin needs to prove in order to show it has acquired secondary meaning in the claimed trade dress. Even under pre-*Twombly* and *Iqbal* jurisprudence, it has been "axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action." *Hap v. Toll Jupiter, Ltd. P'ship*, 2009 U.S. Dist. LEXIS 5866, at *6 (S.D. Fla. Jan. 27, 2009); *Autonation, Inc. v. United Healthcare Ins. Co*., 423 F. Supp. 2d 1265, 1268 (S.D. Fla. 2006). Thus, even if all of the facts set forth in Yellowfin's Complaint were accepted as true, the Complaint would still be facially deficient. *See, e.g.*, *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1202 (11th Cir. 2004) (noting that "[a]s all three elements are necessary for a finding of trade dress infringement, any one could be characterized as threshold").

        (ii)    <u>Plaintiff has failed to Allege that the Purported Trade Dress is Non-Functional</u>

Competitively necessary or functional features cannot be protected. *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 32 (2001). Courts have held that a plaintiff must allege and prove that the asserted trade dress is non-function. *See*, *RMS Titanic, Inc. v. Zaller*, 978 F. Supp. 2d 1275, 1294 (N.D. Ga. Oct. 17, 2013). A sheer line of a boat is undeniably a *functional* feature, common to all boats designed for similar

purposes. Plaintiff's complaint does not plead sufficient ultimate facts that would make it plausible that "a portion of the sheer line" is not functional. All boats that connect a deck and hull will have a sheer line. The sheer line will vary, depending on how high one wants the hull to raise above the waterline. Boats of the type at issue generally provide a higher forward sheer line in order to function well in high wave conditions. Plaintiff cannot claim trade dress rights to functional elements of a hull.

(iii) <u>The Products Are Not Confusingly Similar</u>

As can be seen by the photographs of paragraph 31, the two boats are not at all similar in appearance, much less confusingly similar to a potential purchaser. The two designs have significantly different console designs. The two products have significantly different seating designs. The two products have different hull designs and strake patterns. Even the sheer lines, ironically, are significantly different. One product has a downward sweeping aft sheer line while the other has an upward sweeping aft sheer line. What is more, there is no uniformity of product configuration among Yellowfin's line of products (Paragraph 8a – 8i). The boats all have different sheer lines, most have different console designs, different seating designs, different tops, or no tops, different hull designs and different strake patterns. Without any uniformity among Yellowfin's own products, there is no secondary meaning, and no legal or factual basis for Yellowfin to assert the products are confusingly similar.

**C.   All Counts Are Fatally Deficient.**

The same legal standards for Plaintiff's trade dress claim will apply to Plaintiff's other counts. See *Two Pesos*, 505 U.S. at 780 (trade dress and false designation of origin claims are coterminous and are governed by an identical legal standard). Thus, Plaintiff's

failure to state a claim for trade dress infringement is fatal to Counts Two through Four, which are all predicated on the existence and infringement of protectable trade dress – an element Plaintiff cannot plead nor prove.

## IV. CONCLUSION

WHEREFORE, Defendants Baker Boatworks respectfully requests this Court dismiss the Complaint with prejudice for failure to state a cause of action and such other and further relief as the Court deems just and proper.

Respectfully submitted May 21, 2015.

> */s/Brian Gilchrist*
> Brian R. Gilchrist, FL Bar #774065
> bgilchrist@addmg.com
> Brock A. Hankins, FL Bar #112531
> bhankins@addmg.com
> Allen, Dyer, Doppelt, Milbrath
>   & Gilchrist, P.A.
> 255 South Orange Avenue, Suite 1401
> Orlando, FL  32801
> Telephone: (407) 841-2330
> Facsimile:  (407) 841-2343
>
> *Trial Counsel for Defendants*,
> Barker Boatworks

**CERTIFICATE OF SERVICE**

   I hereby certify that on May 21, 2015, I electronically filed the foregoing using the Case Management/Electronic Case Filing ("CM/ECF") system which will send a Notice of Electronic Filing to the following CM/ECF participants:

| | |
|---|---|
| William R. Trueba, Jr., Esq.<br>Florida Bar No. 117544<br>ESPINOSA TRUEBA PL<br>1428 Brickell Avenue, Suite 100<br>Miami, FL 33131<br>Tel.: 305-854-0900<br>Fax: 855-854-0900<br>E-mail: wtrueba@etlaw.com | Jorge Espinosa, Esq.<br>Florida Bar No. 779032<br>ESPINOSA TRUEBA PL<br>1428 Brickell Avenue, Suite 100<br>Miami, FL 33131<br>Tel.: 305-854-0900<br>Fax: 855-854-0900<br>E-mail: jespinosa@etlaw.com |

John R. Squitero, Esq.
Florida Bar No.
KATZ BARRON SQUITERO FAUST
2699 South Bayshore Drive, 7th Floor
Miami, FL 33133
Tel.: 305- 856-2444
Fax: 305- 285-9227
E-mail: JRS@katzbarron.com

*Counsel for Plaintiff*
*Yellowfin Yachts, Inc.*

                 */s/Brian R. Gilchrist*
                 Brian R. Gilchrist, FL Bar #774065