IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YELLOWFIN YACHTS, INC., a Florida
corporation,
        Plaintiff,

CASE NO. 8:15-cv-00990-SDM-TGW

vs.

BARKER BOATWORKS, LLC, a Florida
limited liability company, and KEVIN
BARKER, an individual,
        Defendants.

_____/

## PLAINTIFF'S MOTION TO SEAL AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL

Plaintiff, Yellowfin Yachts, Inc. ("Yellowfin"), purant to Local Rule 1.09 (a) for the Middle District of Florida, hereby files this Motion to Seal and Incorporated Memorandum of Law in Support of its Motion to Seal, and in support states as follows.

## PROCEDURAL HISTORY

1.      On September 8, 2015, Plaintiff filed its First Amended Complaint against the Defendants alleging: (1) trade dress infringement under §43(a) of the Lanham Act, 15 U.S.C. §1125(a) against all Defendants, (2) false designation of origin under section 43(a) of the Lanham Act, 15 U.S.C.§1125(a) against all Defendants, (3) common law unfair competition against all Defendants, (4) common law trade dress infringement against all Defendants, (5) violation of Florida's Trade Secret Act against Defendant Kevin Barker, and (6) civil conspiracy to violate Florida's Trade Secret Act against all Defendants. (D.E. #26).

2.      Given that the parties are both boat manufacuers and the nature of the lawsuit necessarily involves the exchange of information that either side would not want the principals of

the other having direct access or having the information submitted for filing in the public records because they involve proprietary information, the parties agreed to enter into a confidentiality agreement to designate certain information as "Confidential" or "Highly Confidential-Attorneys Eyes Only." On January 26, 2016, the Plaintiff and Defendants entered into a Confidentiality Agreement, a copy of which is attached hereto as **Exhibit A**.

3. On April 1, 2016, Yellowfin filed its Motion to Compel Regarding Plaintiff's Request to Inspect Defendants' Computers and Electronic Based Devices ("Motion to Compel") (D.E.#47).

4. Plaintiff wishes to supplement its Motion to Compel (Docket Entry 47) with a preliminary computer forensics report it received from The Sylint Group, the computer forensic expert disclosed by Plaintiff in its Motion to Compel. Plaintiff engaged The Sylint Group to review the computer that had been assigned to Defendant Kevin Barker during his employment with Yellowfin. As more fully set forth below, since the report contains Yellowfin's confidential proprietary information, Yellowfin seeks permission from this Court to file the report under seal.

## **RELEVANT FACTS**

Plaintiff, Yellowfin, is a well-known, Bradenton, Florida-based manufacturer of custom-made fishing boats ranging in size from 17 feet to 42 feet in length. The boats are sold under the trademark YELLOWFIN. Yellowfin has been in business since the late 1990's, and has sold over 1000 boats. Defendant, Kevin Barker, was employed by Yellowfin for many years. His last position before leaving Yellowfin was Vice President. As a Vice President, he had access to sensitive company information, information that he knew Yellowfin did not share publicly and would not want shared with a competitor. Among that trade secret information were (1) detailed information about its 550+ customers, and (2) detailed information about Yellowfin's sources for

components and materials used in the manufacture of its boats, including pricing. Yellowfin treated this information as trade secrets, limiting access to the information to key employees. Less than 5% of the company's employees had access to a networked computer system that required a username and password to log into the system. In that password-protected system, Yellowfin stored the sensitive, proprietary, and confidential company information, including the aforementioned trade secret information. This trade secret information was important to the company, because the company derived (and continues to derive) economic value from it. A competitor obtaining that information could target Yellowfin's customers and could use the source information to circumvent the work involved in setting up a business, identifying key source companies, negotiating requirements contacts, negotiating pricing for materials, etc.

Mr. Barker left Yellowfin in May 2014 to set up a competing company called Barker Boatworks, LLC, the other defendant in this case. Yellowfin brought this suit against Mr. Barker and his company – because Mr. Barker took sensitive, proprietary and confidential information that he should NOT have taken, and because Mr. Barker adopted Yellowfin's uniquely shaped sheer line and incorporated it into his company's boats.

As part of the discovery process in this case, the parties entered into a Confidentiality Agreement to facilitate the exchange of information that the parties may deem to be confidential or highly confidential. Pursuant to the parties' Confidentiality Agreement, the parties have already begun to designate certain documents as either Confidential or Highly Confidential-Attorneys Eyes Only.

As explained in further detail in Plaintiff's Motion to Compel (D.E. #47), Plaintiff engaged a computer forensic expert with The Sylint Group to review the content and activity on the computer formerly used by the individual Defendant, Kevin Barker when he was still employed

by Yellowfin. In the Motion to Compel, Yellowfin explained it would supplement its Motion to Compel with a copy of the actual report regarding the inspection of the subject Yellowfin computer. (*See* Mot. to Compel, at 10, D.E. #47). At this time, Yellowfin has received a preliminary report and wishes to file it with the Court as a supplement to its prior filed Motion to Compel. Given that the report contains Yellowfin's confidential, proprietary information, Yellowfin has filed this Motion to Seal.

## MEMORANDUM OF LAW

A party seeking to file under seal in the Middle District of Florida must first comply with the procedural requirements set forth in the Local Rules. The party must file a motion to seal that identifies and describes each item proposed for sealing. *See* Local Rule 1.09(a). The motion should include: (1) the reason that filing each item is necessary; (2) the reason that sealing each item is necessary; (3) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (4) the proposed duration of the seal; and (5) a memorandum of legal authority supporting the seal. *Barkley v. Pizza Hut of Am., Inc.* No.6:14-cv-376-Orl-37DAB, 2015 U.S. Dist. LEXIS 137682, *4-5 (M.D. Fla., Oct. 8, 2015)(citing Loal Rule 1.09(a), M.D. Fla.). In determining whether the party making the request has complied with Rule 1.09(a), a court must consider the "common law right" that the public has to "inspect and copy judicial records and public documents." *Id.* (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987)(*per curiam*)(citations omitted)). "A party may overcome the 'common law right of access' if it is able to show that good cause exists.'" *Id. at* *5 (citing *MEDAI, Inc. v. Quantros Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318 (M.D. Fla. June 29, 2012); *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)). The court undertakes a balancing test between the public's right of access against the party's interest in keeping the information confidential. *Romero*, 480 F.3d at 1246. To balance these interests,

courts consider, among other factors, "whether allowing access would impair court functions or harm legitimate privacy intersts, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns the public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Barkley*, 2015 U.S. Dist. LEXIS, *5 (citing *Romero*, 480 F.3d at 1246). "**A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information**." *Romero*, 480 F.3d 1246 (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)); *see also Local Access, LLC v. Peerless Network, Inc.*, No.: 6:14-cv-399-Orl-40TBS, 2015 U.S. Dist. LEXIS 137038, *4 (M.D. Fla., Oct. 7, 2015)(granting a motion to seal where the documents involved customer information).

In this case, Plaintiff, Yellowfin wishes to produce a preliminary computer forensics report that involves an analysis that was undertaken by Sylint Group, Inc. ("Sylint"), an outside computer forensics expert, on a computer owned by Plaintiff that was assigned to and used by the invidual Defendant, Kevin Barker during his employment term with Yellowfin. Pursuant to the report, Sylint obtained a forensic image of the subject computer and examined the forensic image of that computer. Based on the preliminary report, one day prior to ending his employment with Yellowfin, it appears that at least 554 company files were accessed on this specific computer at various times as specificed in the report. (the "Preliminary Sylint Report"). The Preliminary Sylint Report also specifies that the files that were accessed included image files, excel spreadsheets, emails, some system files and word documents. This same report includes an appendix which contains a list of the documents that were accessed whch includes a number of customer names and customer information which is confidential and proprietary to Yellowfin. This customer

information will also be produced in discovery to Defendants under the designation of Highly Confidential-Attorneys' Eyes Only, in accordance with the parties' Confidentiality Agreement.

Yellowfin intends to file the Preliminary Sylint Report along with the referenced appendix as a supplement to its prior filed Motion to Compel (D.E. #47). Since the Report contains confidential proprietary information belonging to Yellowfin, and in accordance with the parties' Confidentiality Agreement, Yellowfin has filed this Motion ot Seal seeking permission form this Court to file the Preliminary Sylint Report under seal. Pursuant to the foregoing authorities, filing the subject Reporyt under seal is warranted and justified. *See e.g., Local Access*, 2015 U.S. Dist. LEXIS 137038, *4. Should this Court grant this Motion to Seal, Yellowfin proposes that the Preliminary Sylint Report remain sealed until the conclusion of this case, whereupon it will be destroyed.

## Certification of Conference

Plaintiff, Yellowfin Yachts, Inc.'s counsel hereby certifies that, they in good faith, conferred with counsel for Defendants in an effort to ascertain their position on this Motion to Seal. Counsel for Defendants has indicated that they do not oppose this Motion to Seal so long as Plaintiff agrees to extend Defendants a 15-day enlargement of time to respond to Plaintiff's motion to compel. Plaintiff wishes to cooperate with Defendant and is amenable to extend Defendants the additional time. However, Plaintiff is also mindful of the Court's Order requiring expert reports be completed by April 29, 2016. Should the Court grant Plaintiff the right to conduct an inspection of Defendants' computers and cell phones, allowing Defendants an additional 15-day enlargement of time to respond will necessarily undermine Plaintiff's ability to complete such an inspection and provide the necessary expert reports.

**WHEREFORE,** Plaintiff, Yellowfin Yachts, Inc. moves this Court for an order allowing

it to file the Preliminary Sylint Report under seal, and and for such further relief as this Court

deems just and proper.

Dated: April 15, 2016.                                    Respectfully submitted,


                                                 s/ William R. Trueba, Jr.
                                                 William R. Trueba, Jr., Esq.
                                                 Florida Bar No. 117544
                                                 wtrueba@etlaw.com
                                                 Jorge Espinosa, Esq.
                                                 Florida Bar No. 779032
                                                 Jespinosa@etlaw.com
                                                 ESPINOSA | TRUEBA, PL
                                                 1428 Brickell Avenue
                                                 Miami, FL 33131
                                                 Tel: (305) 854-0900
                                                 Fax: (855) 854-0900

                                                 -    And    -



                                                 John R. Squitero, Esq.
                                                 Florida Bar No.
                                                 JRS@katzbarron.com
                                                 KATZ BARRON SQUITERO FAUST
                                                 2699 South Bayshore Drive, 7th Floor
                                                 Miami, Florida 33133
                                                 Tel: 305-856-2444
                                                 Fax: 305-285-9227
                                                 *Counsel for Plaintiff*
                                                 *Yellowfin Yachts, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ William R. Trueba, Jr.
William R. Trueba, Jr.

**SERVICE LIST**

*Yellowfin Yachts, Inc., v. Barker Boatworks, LLC, and Kevin Barker.*
Case No. 8:15-cv-00990-SDM-TGW
United States District Court, Middle District of Florida

William R. Trueba, Jr., Esq.
Florida Bar No. 117544
Wtrueba@etlaw.com
Jorge Espinosa, Esq.
Florida Bar No.779032
jespinosa@etlaw.com
ESPINOSA|TRUEBA|MARTINEZ PL
1428 Brickell Ave., Suite 100
Miami, Florida 33131
Tel:     (305) 854-0900
Fax:     (855) 854-0900
*Counsel for Plaintiff*
*via CM/ECF*

Brian R. Gilchrist, FL Bar #774065
bgilchrist@addmg.com
Brock A. Hankins, FL Bar #112531
bhankins@addmg.com
Allen, Dyer, Doppelt, Milbrath
& Gilchrist, P.A.
255 South Orange Avenue, Suite 1401
Orlando, FL 32801
Telephone: (407) 841-2330
Facsimile: (407) 841-2343
*Counsel for Defendants*
*via CM/ECF*

John R. Squitero, Esq.
JRS@katzbarron.com
2699 South Bayshore Drive, 7th Floor
Miami, Florida 33133
Tel: 305-856-2444
Fax: 305-285-9227
*Counsel for Plaintiff*
*Via CM/ECF*