UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:15-cv-990-SDM-TGW

YELLOWFIN YACHTS, INC.,
    Plaintiff,

v.

BARKER BOATWORKS, LLC, and
KEVIN BARKER,
    Defendants.
_____/

## CONFIDENTIALITY AGREEMENT

Plaintiff YELLOWFIN YACHTS, INC. and Defendants BARKER BOATWORKS, LLC, and KEVIN BARKER (collectively referred to as the "Parties"), pursuant to Rules 26 and 29 of the Federal Rules of Civil Procedure hereby enter into the following Confidentiality Agreement ("Agreement"):

1. **Purpose.** Disclosure and discovery activity in the above-entitled action (the "Action") are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action would be warranted. In addition, the parties contemplate that non-parties may produce confidential information that should also be subjected to limited disclosure and use.

2. **Proceedings and Information Governed.** This Confidentiality Agreement and any amendments or modifications hereto ("Confidentiality Agreement" or "Agreement"), shall govern any document, information or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents (including documents produced in

responses thereto), deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" information in accordance with the terms of this Agreement, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**3.    Definitions.**

3.1.    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support staff).

3.2.    Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this Action.

3.3    "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c) (i.e., trade secrets or commercial information which is not publicly known and is of technical or commercial advantage to its possessor, or other information required by law or agreement to be kept confidential).

3.4    "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential" information or items, the disclosure of which to another Party or non-party would create a substantial risk of serious injury to the Producing Party. This information may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a pending, non-public, or future patent application dealing

with such subject matter. "Confidential information" and "Highly Confidential – Attorneys' Eyes Only" information or materials do not include, and this Confidentiality Agreement shall not apply to, information that is already in the authorized knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

    3.5    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

    3.6    Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this Action.

    3.7    Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

    3.8    Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

    3.9    Outside Counsel: attorneys who are not employees of a Party, but who are retained to represent or advise a Party in this Action.

    3.10    House Counsel: attorneys who are employees of a Party.

    3.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

    3.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, including without limitation, a professional jury or trial consultant retained in connection with this Action.

3.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**4.** **Scope.** The protections conferred by this Agreement cover not only Protected Material (as defined above), but also any information copied or extracted there from, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

**5.** **Duration.** Even after the termination of this Action, the confidentiality obligations imposed by this Agreement shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**6.** **Designating Protected Material.**

6.1. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Agreement (*See, e.g.*, second paragraph of Section 6.2(a) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Agreement must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Agreement requires:

(a) <u>for information in documentary form</u>, (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" prominently on each page that contains protected material. If portions of the material on a page qualify for different levels of protection, the Producing Party should use a designation showing the highest level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Agreement, then, before producing the specified documents, the Producing Party must affix the appropriate designation ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") prominently on each page that contains Protected Material. If portions of the material on a page qualify for different levels of protection, the Producing Party should use a designation showing the highest level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all Protected Material, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to fifteen (15) court days within receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Unless otherwise agreed,

transcripts for which this invocation is made shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the fifteen (15) court day period following receipt of the transcript. Only those portions of the testimony that are appropriately designated for protection within the fifteen (15) court days of receipt of the transcript shall be covered by the provisions of this Agreement.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

6.2 <u>Inadvertent Failures to Designate</u>. The inadvertent or unintentional production by any party, or any third party subject to an obligation of confidentiality, of confidential material or information without designating such material or information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to that specific information or as to any other information. In the event that a party discovers that it or a third party subject to an obligation of confidentiality inadvertently or unintentionally provided confidential information without designation, that party shall promptly, by letter sent to opposing counsel, designate all documents

or portions thereto containing such information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" subject to the protections of this Stipulated Confidentiality Agreement and the opposing parties promptly shall so mark such documents. If inadvertently or unintentionally provided confidential information has been disclosed by the opposing parties in any filing, motion, hearing, trial or proceeding, then the opposing parties, after being duly notified by letter, shall, to the extent necessary designate all documents or portions containing such information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." To the extent this confidential information was submitted in a filing or motion, the party submitting the filing shall cooperate in any motion or request to the Court to seal such information, in accordance with the Court's rules and procedures.

The parties agree to jointly move the Court for a "clawback order" pursuant to Rule 502(d) of the Federal Rules of Evidence ("FRE 502(d)"). Until that Rule 502(d) order is entered by the Court, the parties agree pursuant to FRE 502(d) that the production of documents genuinely subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the producing party (or the party holding the privilege or immunity if produced by a third party such as an outside law firm) promptly after learning of the production notifies the receiving party in writing of such production. No party to this Action thereafter shall assert that such disclosure alone waived any privilege or immunity. Absent court order or agreement of the parties to the contrary, no use shall be made of such documents during deposition, at trial, or in any filing or motion, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. The receiving parties will return such inadvertently produced items and all copies within five (5) business days of the earliest of (a) discovery by the receiving party of the production of documents or information subject to work product immunity or the attorney-client privilege, or

(b) receiving a written request from the producing party for the return of such items. The return of such items shall not be construed as an agreement by the returning party that the information is, in fact, protected by any privilege or immunity. The receiving party, having so returned the items, may thereafter seek production of any such documents in accordance with the Federal Rules of Civil Procedure (without asserting waiver based solely on their inadvertent production). Nothing in this Stipulated Confidentiality Agreement shall be construed to require the production of any information, document, or thing that a party contends is protected from disclosure by any privilege or immunity.

7. **Challenge to Designations**. Any party may object to the designation of particular "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. The parties shall then meet and confer in good faith pursuant to Rule 37(a) of the Federal Rules of Civil Procedure. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If the parties cannot resolve the objection within five (5) days after the time that the notice is received, the receiving party must file a motion with the Court that identifies the challenged material and sets forth in detail the basis for the challenge. The Designating Party shall have the burden to establish the confidentiality of challenged material in disputes brought to the Court for resolution. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in this Section. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the

Producing Party's designation. In the event that the designation is overruled by the Court, the prevailing party shall be entitled to reasonable attorneys' fees and costs for bringing said motion successfully challenging the designation.

8. **Access to and Use of Protected Material.**

8.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Agreement. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (Final Disposition).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Agreement.

8.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) Attorneys of the Receiving Party and their office associates, legal assistants, and stenographic and clerical employees;

(b) The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Agreement to Be Bound by Confidentiality Agreement" (Exhibit A);

(c) Experts (as defined in this Agreement) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the declaration and undertaking to be bound by this Confidentiality Agreement (Exhibit A);

(d) The Court and its personnel;

(e) Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

(f) During their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Confidentiality Agreement" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Agreement.

(g) Persons shown on the face of the document to have authored or received it or the original source of the information.

8.3 Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

(a) The Receiving Party's Outside Counsel of record in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b) One person who serves as House Counsel, who is admitted to a U.S. state bar, and providing that the person executes a declaration and undertaking to be bound by this Confidentiality Agreement (Exhibit A).

(c) The Receiving Party's insurance carrier, as well as employees of said insurance carrier to whom it is reasonably necessary to disclose the information for this Action, and provided that the person executes a declaration and undertaking to be bound by the terms of this Confidentiality Agreement (Exhibit A);

(d)     Experts (as defined in this Agreement) (1) to whom disclosure is reasonably necessary for this Action, and (2) who have signed the the declaration and undertaking to be bound by this Confidentiality Agreement (Exhibit A);(e)     The Court and its personnel;

(f)     Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this Action; and

(g)     Persons shown on the face of the document to have authored or received it or the original source of the information.

(h)     Parties accused of misappropriating trade secrets may be shown any documents, testimony, or other discovery which reflect trade secrets they have been accused of misappropriating, provided however, that the information is shown in the presence of the accused party's outside counsel of record.  Also, the party or parties accused of misappropriating the trade secrets cannot make or retain copies of the subject documents, testimony, or other discovery..  Instead, the subject documets shall be kept by the outside counsel of rcord for the duration set forth herein.

9.      **Non-Party Information.**  The existence of this Confidentiality Agreement shall be disclosed to any person producing documents, tangible things or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony.  Any such person may designate documents, tangible things or testimony as confidential pursuant to this Confidentiality Agreement.

10.     **Unauthorized Disclosure of Protected Material.**  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Agreement, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom

unauthorized disclosures were made of all the terms of this Agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **Filing Protected Material.** A party must comply with Local Rule 1.09 on the filing of documents under seal. Additionally, in accordance with the parties' Case Management Report, no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.

12. **No Prejudice.** Producing or receiving confidential information, or otherwise complying with the terms of this Confidentiality Agreement, shall not (a) operate as an admission by any party that any particular Confidential information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

13. **Final Disposition.** Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this Action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party

must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Parry has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Agreement as set forth in Section 5 (Duration) above.

14.  **Other Proceedings.** If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party in writing (by fax, if possible) immediately and in no event more than ten court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Confidentiality Agreement. In addition, the Receiving Party must deliver a copy of this Stipulated Confidentiality Agreement promptly to the party or parties in the other litigation that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Confidentiality Agreement and to afford the Designating Party in this Action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking

protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court. If, within fifteen (15) days, the Designating Party fails to move for a protective order or otherwise cause to be suspended the obligations of the party receiving the subpoena to produce such documents, the party receiving the subpoena may produce responsive documents.

15. **Providing Legal Advice.** Nothing in this Agreement shall prevent or restrict Counsel from rendering legal advice to the named Parties or any other party which Counsel may represent with respect to this litigation and, in the course thereof, referring or relying generally on Counsel's examination of material produced in the course of discovery proceedings herein, but without disclosing the specific content of any material the disclosure of which disclosure shall be contrary to the terms of this Agreement.

Dated: 9.26, 2015

_____
William R. Trueba, Jr., Esq.
Florida Bar No. 117544
Wtrueba@etlaw.com
Jorge Espinosa, Esq.
Florida Bar No.779032
jespinosa@etlaw.com
ESPINOSA|TRUEBA, PL
1428 Brickell Ave., Suite 100
Miami, Florida 33131
Tel: (305) 854-0900
Fax: (855) 854-0900
*Attorneys for Plaintiff*

John R. Squitero, Esq.
Florida Bar No.
JRS@katzbarron.com
2699 South Bayshore Drive, 7th Floor
Miami, Florida 33133
Tel: (305) 856-2444
Fax: (305) 285-9227
*Counsel for Plaintiff*

Dated: January 22, 2016

_____
Brian R. Gilchrist, Esq.
Florida Bar No. 774065
bgilchrist@addmg.com
Brock A. Hankins, Esq.
Florida Bar No. 112531
bhankins@addmg.com
Allen, Dyer, Doppelt, Milbrath
& Gilchrist, P.A.
255 South Orange Avenue, Ste 1401
Orlando, FL 32801
*Counsel for Defendants*
Tel: (407) 841-2330
Fax: (407) 841-2343

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CASE NO. 8:15-cv-990-SDM-TGW

YELLOWFIN YACHTS, INC.,
    Plaintiff,

v.

BARKER BOATWORKS, LLC, and
KEVIN BARKER,
    Defendants.
_____/

## DECLARATION AND UNDERTAKING
## TO BE BOUND BY CONFIDENTIALITY AGREEMENT

I, _____ declare that:

1. My residence address is _____

_____

2. My current employer is _____

_____

and the address of my current employment is _____

3. My current occupation or job description is _____

4. I have received and read the Confidentiality Agreement in this action dated _____

, and I understand its provisions. I agree (a) to be bound by the terms of theConfidentiality Agreement; (b) to use CONFIDENTIAL and/or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Discovery Material solely for the purposes contemplated therein and not for other purposes (including, but not limited to,

-15-

research or the filing and prosecution of patent applications); and (c) to not disclose any CONFIDENTIAL and/or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Discovery Material to any person, firm, corporation or other entity not qualified to have access to such information pursuant to the terms of the Confidentiality Agreement.

5. I will return all CONFIDENTIAL or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Discovery Material and summaries, abstracts, and indices thereof that come into my possession, and documents or things that I have prepared relating thereto, to outside counsel for the party for whom I was employed, retained or otherwise associated with.

6. I hereby submit to the jurisdiction of the United States District Court for the Southern District of Florida for the purpose of enforcement of the Confidentiality Agreement . I understand that if I violate the provisions of the Confidentiality Agreement, I may be liable in a civil action by one or more of the Parties in this action.

I declare that the foregoing is true and correct.


Date:_____                    _____
                                              [Signature]