UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YELLOWFIN YACHTS, INC.,

    Plaintiff,

v.                                             CASE NO. 8:15-cv-990-T-23TGW

BARKER BOATWORKS, LLC,
and KEVIN BARKER,

    Defendants.
_____/

## **ORDER**

Kevin Barker and Barker Boatworks request (Doc. 213) $34,199.29 in costs under Section 1920. Objecting to the proposed bill of costs, Yellowfin contends that Section 1920 excludes $27,468.09 of the request.

## **DISCUSSION**

### **I. Deposition costs**

Section 1920(2) permits the prevailing party to recover the cost of a deposition necessarily obtained for the litigation even if the deposition transcript was "not used [] at summary judgment or at trial." *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 622 (11th Cir. 2000). Although the prevailing party can recover the cost of the deposition, the party ordinarily cannot recover the cost of a convenience (for example, the expedited preparation of a transcript, a "travel" or "condensed"

transcript, or a digital copy of the transcript). Although *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460 (11th Cir. 1996), permits taxing the cost of a videotaped deposition, under *Morrison* recovering the cost of a videotaped deposition requires showing the necessity for a videotape. Barker, who fails to explain cogently the necessity in this action for both a typed copy and a videotaped copy of a deposition, can recover only the cost of a typed deposition.

Also, Section 1920(4) permits taxing the cost of copying, but a party can recover only the reasonable cost of copying. Barker's invoices frequently show a charge of sixty cents or more per page for black-and-white copies, which charge far exceeds a reasonable rate in the Middle District of Florida. Barker can tax copies at fifteen cents per page.[1] Excluding convenience costs and reducing the cost of deposition exhibits yields this result:

| Witness | Requested | Taxed |
|---|---|---|
| Michael Peters | $507.50 | $383.05 |
| Wylie Nagler | $3,428.45 | $2,444.70 |
| Kevin Barker | $697.50 | $647.25 |
| William Ganner | $286.25 | $238.55 |
| Rhonda Harper | $5,082.30 | $2,432.70[2] |

---

[1] Because Barker fails to explain the necessity for color copying, Barker can recover fifteen cents per page for the color copies.

[2] Although the reporter charged an hourly rate for attending Harper's and Sharp's depositions, Barker correctly observes that a reporter's presence is necessary to transcribe a deposition. Also, Yellowfin argues persuasively that Barker cannot recover the cost of two-day service for Harper's transcript (which Barker cited in a motion for summary judgment submitted not days but weeks after the deposition).

| Sarah Barker | $584.25 | $436.95 |
|---|---|---|
| Kara Sharp | $1,845.10 | $1,168.90 |
| Augusto Villalon | $629.70 | $499.55 |
| Dan Mielke | $658.95 | $447.45 |
| Joanne Johnson | $830.95 | $729.55 |
| Robert Klein | $624.90 | $624.90 |
| Justin Vick | $456.95 | $240.65 |
| William Prince | $1,012.91 | $711.85 |
| **Total** | $16,645.71 | $11,006.05 |

**II. Electronically stored information**

Barker requests taxing more than $3,000 for "preparing," "processing," "making searchable," or otherwise manipulating electronically stored information. Yellowfin correctly argues that nothing in Section 1920 mentions electronically stored information, and the weight of authority permits taxing under Section 1920(4) only the cost of duplicating electronically stored information. *CBT Flint Part., LLC v. Return Path, Inc.*, 737 F.3d 1320 (Fed. Cir. 2013). Because the ambiguous or unhelpful descriptions in the invoices (Doc. 213-3 at 1–6) preclude determining confidently that the requested costs comprise only the cost of "duplication" and exclude impermissible costs (for example, "processing," "loading," or "mak[ing] searchable" the electronically stored information), Barker cannot recover the costs.

**III. Copying costs**

Barker requests $7,621.85 in copying costs. (Doc. 213-3 at 8–9) To recover the cost of copying, the prevailing party must submit evidence that identifies the copy

and explains the "use or [the] intended use" of the copy. *Cullens v. Ga. Dep't of Trans.*, 29 F.3d 1489, 1494 (11th Cir. 1994). As Yellowfin correctly recognizes, Barker submits no evidence that identifies the documents or explains the intended use of the documents.[3] Barker cannot recover the $7,621.85 in copying costs.

**IV. "Miscellaneous costs"**

In Doc. 213-4, Barker requests $5,885.71 in "miscellaneous" costs. Excepting the $360 cost of a transcript and the $146 cost of a hearing transcript (Doc. 213-4 at 3–4),[4] none of the costs is taxable under Section 1920. Barker requests taxing the cost of a computer expert, but Section 1920(6) permits taxing the cost of an expert only if appointed by the court, and no order appointed Richard Connor as an expert in this action. Finally, Barker requests taxing nearly $200 in costs incurred by Barker's attorneys while traveling to and from the Tampa courthouse, but Barker submits no affidavit, invoice, or other evidence to substantiate the costs. In sum, Barker can recover $506 of the costs requested in Doc. 213-4.[5]

---

[3] Responding to Yellowfin's objection, Barker argues (Doc. 218 at 2) that the documents include trial exhibits, but argument in an unsworn paper is not evidence. Also, Yellowfin correctly argues that Section 1920 excludes the cost of a binder, a tab, or the "labor" of organizing a binder.

[4] Although Barker paid the court reporter $301.46, Barker offers no explanation for ordering the transcript at the hourly rate ($7.25) instead of the ordinary rate ($3.65), and this order reduces the taxable cost to the ordinary rate. Also, nothing in Section 1920 permits taxing an "AMEX" credit-card fee.

[5] Barker cannot recover the $10.83 in delivery costs (Doc. 213-4) because Barker fails to explain what the courier delivered or why the delivery proved necessary to the defense of this action.

## CONCLUSION

The clerk is directed to enter judgment for Kevin Barker and Barker Boatworks, LLC, and against Yellowfin Yachts, Inc., in the amount of $11,512.05.

ORDERED in Tampa, Florida, on August 9, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE